UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **MICHAEL KEYS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:05cv0099 AS |
| | ) | |
| **ED BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about March 15, 2005, *pro se* petitioner, Michael Keys, an inmate at the Westville Correctional Facility in Westville, Indiana (WCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 15, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through G, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the WCF in this district. He has been the subject of a prisoner disciplinary proceeding. The sanctions of the proceeding included the loss of telephone privileges for a period of time which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). However, there was also a deprivation of 365 days of earned time credit and a demotion from credit class I

to credit class II which was partially suspended for six months providing there were no A/B convictions. Nonetheless, there has been compliance here with the procedural demands of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

Generally, violations of state law and regulations are not the focus for relief under 28 U.S.C. §2254. *See Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). It has been often said here and in this circuit that the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as made applicable to the states under the Fourteenth Amendment of that Constitution does not generally and rigidly apply to this species of proceeding. *See Gorman v. Moody*, 710 F.Supp. 1256 (N.D. Ind. 1989).

Apparently there are two proceedings involved here. One is designated as WCC-04-10-0500, and the other is WCC 04-10-0499. One of these cases involves the unauthorized

2

use by this petitioner of the PIN number of another offender without permission to make telephone calls.  That one is WCC 04-10-0500.  In WCC 04-10-0499, this petitioner was found to have been trafficking in tobacco with the aid of his family and staff members.  These two offenses occurred during the same internal affairs interview but are separate and distinct.  Even if it was held that somehow the double jeopardy clause applied to these proceedings, and it does not, the dispatch situation would not fall afoul of that clause in the Fifth Amendment.  With regard to the reasons given for the imposition of sanctions, there is no constitutional implication under the due process clause of the Fourteenth Amendment or otherwise.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  August 24, 2005

        **S/ ALLEN SHARP**
        **ALLEN SHARP, JUDGE**
        **UNITED STATES DISTRICT COURT**